UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS CORPUS CHRISTI DIVISION

Jewell Thomas
Plaintiff

v.

Andrew Nino, et al
Defendants

CIVIL ACTION No. 2:22-cv-00252

United States Courts
Southern District of Texas
FILED
NOV 21 2022
Nathan Ochsner, Clerk of Court

PLAINTIFF'S RESPONSE TO ORDER FOR MORE DEFINITE STATEMENT

1. Current Age is 50, 6'0ft and 214lbs

2. Plaintiff arrived at the McConnell Unit on October 1, 2021.

3. Physical disabilities included: Lateral Pelvic tilt, Chronic Pain Syndrome, Diabetes and Arthritis.

4. A lateral pelvic tilt is typically caused by a leg length discrepancy causing the pelvic to slant on one side.

5. Plaintiff was diagnosed with Regional Complex Chronic Pain Syndrome in year 2018 by his Pain Management Specialist (Pain Doctor) in the Free-world Dr. Davita Rixter.

6. Plaintiff's physical disabilities essentially cause him to become bedridden daily to prevent swelling in his lower left leg. With Post trauma swelling combined with Diabetes the swelling causes extreme pain in the lower extremities. The lateral pelvic tilt causes lower neck, back, hip, knee, ankle and feet pain due to untreated bunions and callouses. Leg must be elevated above the heart up to 18 hours daily to prevent swelling and pain.

7. Physical disabilities are impacted when rear-cuffed by causing lower neck, shoulder, back and hip pain solely by reason of the lateral pelvic tilt.

8. Pain level is at nine when rear-cuffed.

9. Plaintiff's preferred method of cuffing would be front cuffs with a belt. This method would prevent unnecessary pain.

10. Defendant Matthew Herrera used rear cuffs on July 28, 2022

11. Matthew Herrera used rear-cuffs on July 28, 2022 in order to escort Plaintiff to the Diabetic Clinic.

12. Plaintiff did put Herrera on notice that the rear-cuffs would cause pain prior to applying the rear cuffs and while the rear cuffs were in use.

13. Herrera responded that a medical pass was required to accomodate my disabilities.

14. Herrera had been previously put on notice in the past, at that present time and while the rear cuffs were applied about my lateral pelvic tilt and Chronic Pain Syndrome because I told him and others.

15. Before July 28, 2022 several discussions had been made about the Plaintiff being rear-cuffed without a medical pass. It was well settled through meetings to rear-cuff the plaintiff.

16. It is unknown on July 28, 2022 who specifically ordered Herrera to apply the rear-cuffs. Rear cuffs were being applied prior to July 28, 2022; a trend had already started.

17. Plaintiff sustained injuries to the wrist due to tight cuffs, severe hip, shoulder, lower neck pain, back and knee pain due to bending to have the rear-cuffs applied inside my cell.

18. My injuries did require medical treatment for ligature impressions on both wrist causing severe numbness with the inability to write for several days due to nerve pain, with obvious excess pain to the lower neck, shoulder, back, hip and knees.

19. Plaintiff received no treatment after several sick call submissions.

20. On June 24, 2022 the Plaintiff's medical pass had expired after one year. Plaintiff made a number of requests to have the pass renewed but did not get it renewed until July 29, 2022. There was no active pass on July 28, 2022.

21. Rear cuffing caused the unnecessary pain and suffering. Medical orders were pending not to cuff plaintiff's hands with single rear cuffs behind his back. Further, it is disputed whether front cuffs with a belt requires a medical pass. The use of restraints may be unlawful if they are applied in a manner that is dangerous, painful or injurious or consistent with excessive force or unduly tight handcuffing. Officers ignored Plaintiff's complaints that the handcuffs were too tight. Herrera interferred with treatment once prescribed namely Diabetic Clinic services or insulin.

22. Herrera violated the Plaintiff's ADA/RA rights by intentionally discriminated against him soley by reason of his lateral Pelvic tilt and Chronic Pain Syndrome, and failed to make a "reasonable accomodation" in the form of the requested front cuff with belt regardless of whether a medical pass was in place, Solely by reason of his disabilities.

23. Herrera failed to use the front cuffs with belt.

24. Herrera denied the Plaintiff of medical services namely the Diabetic Clinic. Plaintiff could not make it to the clinic due to excessive force by rear cuffs.

5

25. Herrera is sued in his ~~official~~ Individual capacity for ADA/RA violations and individual capacity for Eighth Amendment violations, Individual capacity for ADA/RA

26. Andrew Nino is liable under a Theory of bystander liability. Nino failed to order his subordinate to release the rear-cuffs, and he failed to release the cuffs himself.

27. Nino pulled up on the scene after I fell to the ground in severe pain due to the excessive use of force by the rear-cuffing. Nino did not witness the cuffs being applied by Herrera.

28. Nino was made aware of my extreme pain while on the ground. Nino gave me an ultimatum "Get up and walk with the rear-cuffs or Get a wheelchair but remain in the current custody level with disciplinary action." The Plaintiff did not choose the latter option.

29. Nino had been previously put on notice early January 2022 of the Plaintiff's physical disabilities during a disciplinary hearing regarding an unrelated violation. The plaintiff discussed both his lateral Pelvic tilt and Chronic Pain Syndrome with Nino.

30. Nino is liable for Eighth Amendment violations by interferring with treatment once prescribed namely Insulin injections causing hyperglycemia resulting in blurred vision, frequent urination and excessive thirst and under a Theory of bystander liability with regards to excessive use of force with the overly tight handcuffing leading to serious injuries.

31. Nino violated the Plaintiff's ADA/RA rights by failing to provide a reasonable accomodation in the form of front cuffs with a belt and intentionally discriminating against the plaintiff solely by reason of his both lateral pelvic tilt and Chronic Pain Syndrome also by denying the Plaintiff the access to medical services to get his prescribed insulin

32. Front cuffs with belt.

33. Nino denied the Plaintiff of medical services namely the Diabetic Clinic. Plaintiff could not make it to the clinic due to excessive force by rear cuffs.

(question #34 See last Page)

34. Nino is sued in his ~~individual~~ official capacity for ADA/RA violations and Eighth Amendment violations. ADA/RA violations under a ~~theory~~ individual capacity for 8th Amendment of Respondeat Superior.

35. Rivas is liable under a Theory of bystander liability. Rivas as a supervisory official failed to order his subordinate to release the rear-cuffs, and failed to release the cuffs himself.

36. Rivas pulled up on the scene after I fell to the ground in severe pain due to the excessive use of force by the rear-cuffing. Rivas did not witness the cuffs being applied by Herrera.

37. I did tell Rivas the single rear cuffs were causing extreme pain all over my body.

38. Rivas was also put on notice about my lateral pelvic tilt and Chronic pain long before July 28, 2022. My disabilities are open, obvious and apparent.

8

39. Rivas is liable for Eighth Amendment violations by interfering with treatment once prescribed namely Insulin injections causing hyperglycemia resulting in blurred vision frequent urination with excessive thirst. And under a Theory of bystander liability with regards to excessive use of force with the overly tight handcuffing leading to serious injuries.

40. Rivas violated the Plaintiff's ADA/RA rights failing to provide a reasonable accomodation in the form of front cuffs with a belt and intentionally discrimating against the Plaintiff solely by reason of his both lateral Pelvic tilt and Chronic Pain Syndrome also by denying the Plaintiff the access to medical services to get his prescribed insulin.

41. Front cuff with the belt.

42. Rivas denied the Plaintiff of medical services namely the Diabetic Clinic. Plaintiff could not make it to the clinic due to excessive force by rear cuffs.

43. Rivas is sued in his official capacity under a Theory of Respondeat Superior for ADA/RA violations from Herrera. Individual capacity for Eighth Amendment violations.

44. Several sick calls with use of the inmate grievance procedure was used to inform Dr. Kwarteng about the renewal of the medical pass and injuries resulting from the use of rear single cuffing in June 2022 and beyond.

45. June 2022

46. Dr. Kwarteng did not respond until July 29, 2022 with an updated medical pass

47. Dr. Kwarteng learned about my physical disabilities in November 2021

48. Dr. Kwarteng ignored my complaints of pain and suffering due to the excessive force by Security and his failure to renew the expired medical pass in order to prevent any use of the painful restraints

49. Dr. Kwarteng was tasked with updating a medical pass indicating "No Short Cuffs Behind Back" but failed to do so until July 29th 2022. Thirty-four days late.

50. Dr. Kwarteng failed to timely create medical orders for a reasonable accomodation in the form of front cuffs with belt or double rear cuffing. Dr. Kwarteng violated the Plaintiff's rights under both the ADA/RA solely by reason of his lateral pelvic tilt and Chronic Pain Syndrome and by contributing to the denial of access to medical services namely Diabetic Clinic.

51. "Front cuff with belt", "Double rear-cuffing" or "No Short cuff Behind Back" pass to present to security.

52. Medical Services namely Diabetic Clinic appointments

53. Dr. Kwarteng is sued in his individual capacity for Eighth Amendment violations and Official Capacity for ADA/RA violations.

54. Collier is liable for ADA/RA violations under a Theory of Respondeat Superior for violations from his subordinates in respect to disability discrimination.

55. Collier is sued in his official capacity for ADA/RA claims.

56. Holmes violated the Plaintiff's rights under a Theory of Respondeat Superior for the ADA/RA violations of his subordinates.

57. Holmes is sued in his official capacity.

58. Nino, Rivas and Herrera entered into an agreement to violate the Plaintiff's constitutional rights Holmes and Dr. Kwarteng provided the support.

59. Nino, Rivas and Herrera discussed together while I was on the ground in pain to leave the overly tight cuffs on my wrist. In the plaintiff's grievance Holmes somewhat condoned the misconduct and provide some support for the justification of the misconduct while Dr. Kwarteng created the entire mess.

60. Aggregated dollar amount of $250,000.00 for pain, suffering compensatory damage, punitive, mental anguish Pre/Post Judgement Interest Attorney fees.

Question #34   Clarified:

(34) Nino is sued in his official capacity for ADA/RA violations under a Theory of Respondeat Superior and his individual capacity for Eighth Amendment bystander liability for excessive force claims.

I swear under penalty of Perjury that these ~~answ~~ answers are true and correct to the best of my knowledge. Pursuant to 28 U.S.C § 1746, I further declare and verify under penalty of Perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 20, 2022.

| | |
|---|---|
| Jewell Thomas | November 20, 2022 |

*/s/ Jewell Thomas*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00252 |
| ANDREW NINO, *et al*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER FOR MORE DEFINITE STATEMENT

Plaintiff Jewell Thomas, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. He is currently confined at the McConnell Unit in Beeville, Texas. In this action, Plaintiff sues the following defendants: (1) Captain Andrew Nino (Nino); (2) Sergeant Gage Rivas (Rivas); (3) Officer Matthew Herrera (Herrera); (4) Warden Elbert Holmes; (5) Dr. Isaac Kwarteng (Dr. Kwarteng); and (6) Bryan Collier (Collier), the Executive Director of the Texas Department of Criminal Justice (TDCJ). (Doc. No. 1, pp. 1, 7.) Plaintiff claims that Defendants violated violated his Eighth Amendment rights,[1] his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5)(A), and the Rehabilitation Act (RA), 29 U.S.C. § 794, and the conspiracy laws under 42 U.S.C. §§ 1983, 1985, and 1986. (Doc. No. 1-1.)

Plaintiff alleges that: (1) Nino and Rivas failed to remove or order their subordinates to remove rear-cuffs, which were applied "overly tight," from behind Plaintiff's back despite

---

[1] Plaintiff attempts to raise excessive force claims under the Fourth and Eighth Amendment with respect to the tight application of rear cuffs on him. (Doc. No. 1-1, pp. 2, 4, 6.) Because Plaintiff is a convicted inmate, his excessive force claims arise solely under the Eighth Amendment. *Compare Tennessee v. Garner*, 471 U.S. 1, 7-22 (1985) (a claim of excessive force to effect an arrest is analyzed under the Fourth Amendment), *with Whitley v Albers*, 475 U.S. 312, 318-26 (1986) (a convicted inmate's claim of excessive force is analyzed under the Eighth Amendment).

1 / 6

knowing that Plaintiff had a physical impairment exacerbated by the single rear cuffs; (2) Herrera failed to remove the single rear cuffs that were causing Plaintiff severe pain and exacerbating Plaintiff's physical disability; (3) Dr. Kwarteng failed to order certain medical restrictions, per Plaintiff's request, regarding the use of cuffs to prevent the exacerbation of Plaintiff's diagnosed Chronic Pain Syndrome; and (4) Collier is responsible under a theory of *respondeat superior* with respect to Plaintiff's ADA/RA claims. *Id.* at 1-8. Plaintiff further alleges that Nino, Rivas, Herrera, Holmes, and Dr. Kwarteng entered into an agreement to violate Plaintiff's constitutional and ADA/RA rights. *Id.* at 3-4, 6-7. Plaintiff seeks monetary relief. (Doc. No. 1, p. 8.)

Plaintiff's complaint is subject to screening under 28 U.S.C. §§ 1915A and 1915(e)(2). Plaintiff has provided insufficient facts to allow the Court to evaluate and screen his claims in a proper fashion. One "useful means by which the court can develop the factual basis for [a] prisoner's complaint" is an order for more definite statement. *Stevens v. Adams*, 56 F.3d 1385 (5th Cir. 1995) (citing *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Accordingly, in order to allow the Court to properly evaluate the merits of his allegations against Defendants, Plaintiff is ORDERED to submit a more definite statement of the facts involved in this action by filing a written response to the questions posed below on or before **December 5, 2022**.

### A. Instructions to Plaintiff.

- Answer the listed questions and directives to the best of your ability, based on personal knowledge and the information available to you. Legal research is not required or desired. You must submit your response by neatly writing or typing your answers and identifying your responses by the headings and numbers used in this order.

- Answer each question or directive with detail. Each answer should be no longer than one paragraph.

- Include the following words, somewhere in your More Definite Statement: **"I swear under penalty of perjury that these answers are true and correct to the best of my knowledge."**

- You are cautioned that the Court currently considers your complaint to be deficient. Your failure to comply with this order will result in the dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure.

## B. *Questions and directives to Plaintiff.*

Plaintiff is ORDERED to answer each of the following questions or directives:

1. What is your current age, height, and weight?

2. When did you arrive at the McConnell Unit?

3. What are your physical disabilities?

4. What is a "lateral pelvic tilt?"

5. When were you diagnosed with "Chronic Pain Syndrome?" By whom?

6. How do your physical disabilities impact your daily life activities?

7. How are your physical disabilities impacted when you are cuffed behind your back?

8. Describe your pain level from one to ten (with ten being the most severe pain) when you are rear cuffed.

9. What is your preferred method of cuffing that would allow you not to be in unnecessary pain?

10. Which defendant used rear cuffs on you?

11. If it was Herrera who used rear cuffs on you, when did he apply rear cuffs on you?

12. Did you inform Herrera that the rear cuffs were causing you pain?

13. If so, what was Herrera's response?

14. Was Herrera aware of your physical disabilities arising from your lateral pelvic tilt and Chronic Pain Syndrome at the time he applied the rear cuffs? If so, how do you know he was aware?

15. Did anyone order Herrera to apply rear cuffs on you?

16. If so, who ordered the application of rear cuffs?

17. Describe how you were injured by the application of the rear cuffs.

18. Did your injuries from the use of rear cuffs require any medical treatment?

19. If so, what treatment did you receive?

20. At the time the rear cuff was used, was there any medical restriction in place that you be cuffed in front, or in some different manner?

21. Why do you feel Herrera violated your Eighth Amendment rights through the use of rear cuffs?

22. What is your basis for believing that Herrera violated your ADA/RA rights?

23. What reasonable accommodations for your physical disabilities do you allege were denied to you by Herrera?

24. What treatments, benefits, or services did Herrera deny you in connection with the application of rear cuffs?

25. With respect to your Eighth Amendment and ADA/RA claims, are you suing Herrera in his individual capacity, official capacity, or both?

26. What role did Nino have with regard to the application of rear cuffs?

27. Was Nino present at the time you were in rear cuffs?

28. Did you make Nino aware of your pain levels when you were rear cuffed?

29. Was Nino aware of your physical disabilities arising from your lateral pelvic tilt and Chronic Pain Syndrome at the time the rear cuffs were applied? If so, how do you know he was aware?

30. Why do you feel Nino violated your Eighth Amendment rights through the use of rear cuffs?

31. What is your basis for believing that Nino violated your ADA/RA rights?

32. What reasonable accommodations for your physical disabilities were denied to you by Nino?
33. What treatments, benefits, or services did Nino deny you in connection with the application of rear cuffs?

34. With respect to your Eighth Amendment and ADA/RA claims, are you suing Nino in his individual capacity, official capacity, or both?

35. What role did Rivas have with regard to the application of rear cuffs?

36. Was Rivas present at the time you were in rear cuffs?

37. Did you make Rivas aware of your pain levels when you were rear cuffed?

38. Was Rivas aware of your physical disabilities arising from your lateral pelvic tilt and Chronic Pain Syndrome at the time the rear cuffs were applied? If so, how do you know he was aware?

39. Why do you feel Rivas violated your Eighth Amendment rights through the use of rear cuffs?

40. What is your basis for believing that Rivas violated your ADA/RA rights?

41. What reasonable accommodations for your physical disabilities were denied to you by Rivas?

42. What treatments, benefits, or services did Rivas deny you in connection with the application of rear cuffs?

43. With respect to your Eighth Amendment and ADA/RA claims, are you suing Rivas in his individual capacity, official capacity, or both?

44. Did you ever complain to Dr. Kwarteng about the use of rear cuffs on you?

45. If so, when did you complain to Dr. Kwarteng?

46. What was his response?

47. Was Dr. Kwarteng aware of your physical disabilities arising from your lateral pelvic tilt and Chronic Pain Syndrome at the time the rear cuffs were applied? If so, how do you know he was aware?

48. Why do you feel Dr. Kwarteng violated your Eighth Amendment rights?

49. What medical order should Dr. Kwarteng have issued with regard to the use of rear cuffs on you?

50. What is your basis for believing that Dr. Kwarteng violated your ADA/RA rights?

51. What reasonable accommodations for your physical disabilities were denied to you by Dr. Kwarteng?

52. What treatments, benefits, or services did Dr. Kwarteng deny you in connection with the application of rear cuffs?

53. With respect to your Eighth Amendment and ADA/RA claims, are you suing Dr. Kwarteng in his individual capacity, official capacity, or both?

54. How did Collier violate your ADA/RA rights?

55. With respect to your ADA/RA claim, are you suing Collier in his individual capacity, official capacity, or both?

56. How did Holmes violate your rights?

57. Are you suing Holmes in his individual capacity, official capacity, or both?

58. Do you claim that Nino, Rivas, Herrera, Holmes, and Dr. Kwarteng entered into an agreement to violate your constitutional and ADA/RA rights?

59. What is the basis of your civil conspiracy claim that these defendants entered into an agreement to do so?

60. What relief do you seek in this case?

ORDERED on November 4, 2022.

MITCHEL NEUROCK
United States Magistrate Judge