United States District Court
Southern District of Texas
**ENTERED**
June 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00252 |
| | § | |
| ANDREW NINO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Plaintiff Jewell Thomas, appearing pro se and *in forma pauperis*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth Amendment; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5)(A); the Rehabilitation Act (RA), 29 U.S.C. § 794; and the conspiracy laws under 42 U.S.C. §§ 1983, 1985, and 1986. Pending before the Court is Plaintiff's complaint (D.E. 1) for initial screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A. On January 25, 2023, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R, D.E. 10), recommending that the Court dismiss all of Plaintiff's claims. Plaintiff timely filed his objections (D.E. 14), each of which is addressed below.

First, Plaintiff objects to the Magistrate Judge's analysis that his injuries associated with the rear handcuffing were *de minimis* and did not give rise to a constitutional claim. He alleges that the eggshell skull rule is applicable because he has previous medical

conditions related to his lateral pelvic tilt and chronic pain syndrome. D.E. 14, p. 1. He states that whether an "injury is sufficient to support an excessive force claim is context-dependent" and "is directly related to the amount of force that is constitutionally permissible under the circumstances." D.E. 14, p. 4. He argues that the Magistrate Judge erred in relying on *Freeman v. Gore*, 483 F.3d 404 (5th Cir. 2007), because his injuries, being more severe, distinguish his case from *Freeman*.

An injury must be more than *de minimis* to show that the prison official used excessive force. *See Westfall v. Luna*, 903 F.3d 534, 549-50 (5th Cir. 2018). According to the eggshell skull rule, "a tortfeasor takes his victim as he finds him." This rule is applicable in § 1983 excessive force cases. *Darden v. City of Fort Worth, Tex.*, 880 F.3d 722, 728 (5th Cir. 2018) (internal citations omitted).

Even with Plaintiff's preexisting conditions and the application of the eggshell skull rule, his claims that he suffered "severe hip, shoulder, lower neck pain back and knee pain with severe numbness" and was unable to write for several days are not enough to support a constitutional claim. The Court agrees with the Magistrate Judge's analysis in this regard. While perhaps greater than the injuries suffered in *Freeman,* 483 F.3d at 417 (bruising on her wrists and arms from being handcuffed), Plaintiff's injuries are comparable to those in *Brooks v. City of West Point, Mississippi*, 639 F. App'x 986, 990 (5th Cir. 2016), where the court found that abrasions to the hands and knees, some pain in the back and neck, and unspecified problems with asthma were *de minimis*.

Cases with injuries that are greater than *de minimis* involve severe, permanent damage that Plaintiff has not shown. *See Deville v. Marcantel*, 567 F.3d 156, 168–69 (5th Cir. 2009) (injury was more than *de minimis* where the handcuffs were applied so tightly that they caused long-term nerve damage that was severe enough to require four surgeries); *Heitschmidt v. City of Hous.*, 161 F.3d 834 (5th Cir. 1998) (plaintiff was subjected to more than four hours of painful handcuffing which resulted in serious and permanent injury requiring medical treatment). [1] Plaintiff's first objection is therefore **OVERRULED**.

Second, Plaintiff objects to the Magistrate Judge's analysis regarding deliberate indifference. He asserts that Defendants had actual knowledge of his medical condition because he had previously been issued a TDCJ medical pass to not be handcuffed in the rear of his body and he consistently reminded them of his medical restriction. D.E. 14, pp. 2-3.

The Magistrate Judge found that Defendants Herrera, Nino, and Rivas did not have actual knowledge of substantial risk of serious harm as it relates to Plaintiff missing one insulin injection. Their knowledge of Plaintiff's medical restriction not to be rear cuffed does not change this analysis. *See* D.E. 10, p. 21. Regarding Dr. Kwarteng, the Magistrate Judge found that while Dr. Kwarteng was aware of Plaintiff's conditions, there is no evidence that he ignored Plaintiff's complaints, refused to treat him, or showed a wanton

---

[1] Plaintiff distinguishes *Heitschmidt* because the plaintiff there had no preexisting medical conditions. D.E. 14, p. 3. The Court does not find this distinction relevant here.

disregard for his medical needs simply because the medical pass expired and there was a time gap before it was renewed. *Id*. at 18.

The Court agrees with the Magistrate Judge's analysis that Plaintiff has failed to state claims for deliberate indifference against Defendants. Plaintiff's second objection is therefore **OVERRULED**.

Third, Plaintiff argues that his ADA claims should proceed based on *Kiman v. New Hampshire Department of Corrections,* 451 F.3d 274, 289 (1st Cir. 2006). There, the court found that Kiman's ADA claim survived summary judgment because he was often rear cuffed in disregard of his medical pass to the contrary. *Id*. The pain caused by the refusal to cuff him in the front affected his access to a variety of the services, programs, or activities covered by Title II of the ADA. *Id*.

Though facially similar, Kiman had a current medical restriction, had alleged multiple instances of a failure to honor his medical pass, showed that the defendants knew of his medical pass, and alleged a deprivation of access to services as a result of his claim. *See id*. In contrast, here, (1) Plaintiff's medical restriction had expired; (2) his injuries were *de minimis*; (3) he failed to explain how any disability created any limitation or impairment to his access to TDCJ services; and (4) he never informed prison officials of any limitation or impairment caused by any disability. Plaintiff has not demonstrated that the Magistrate Judge erred in his findings and recommendation that the ADA claim be dismissed. His third objection is therefore **OVERRULED**.

Fourth, Plaintiff specifically objects to the Magistrate Judge's analysis regarding his ADA claim against Dr. Kwarteng. D.E. 14, p. 5. He asserts that Dr. Kwarteng's delay in renewing his medical pass was a violation of the ADA because Dr. Kwarteng "had actual notice and the Plaintiff had been denied the benefits, services, and programs by the Public Entity namely medical services." *Id*. These are conclusory allegations that do not dispute the Magistrate Judge's findings that Plaintiff's disagreement over Dr. Kwarteng's medical treatment does not allege discrimination based on a disability and Plaintiff did not satisfy the *de minimis* injury requirement. *See* D.E. 10, pp. 32-33. This objection is therefore **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly,

(1) Plaintiff's § 1983, § 1985, § 1986, ADA, and RA claims against Defendants are **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief.

(2) It is **ORDERED** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this

dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

This action is **DISMISSED** in its entirety.

**ORDERED** on June 13, 2023.

*/s/ Nelva Gonzales Ramos*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE